UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WORLD WAR II THEATRE, INC. | * | |
|     Plaintiff, | * | CIVIL ACTION NO. 19-11187 |
| | * | |
| versus | * | |
| | * | JUDGE:  CARL BARBIER |
| DESIMONE CONSULTING | * | |
| ENGINEERING GROUP, LLC; | * | |
| WILLIAM R. O'DONNELL, P.E.; | * | MAGISTRATE JUDGE:  JOSEPH C. |
| EVANSTON INSURANCE COMPANY; | * | WILKINSON, JR. |
| MARKEL SPECIALTY INSURANCE | * | |
| COMPANY; AND MARKEL | * | |
| INSURANCE COMPANY | * | |
|     Defendants | * | |

**PLAITIFF'S OBJECTION TO *EX PARTE* MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS PURSUANT TO LOCAL RULE 7.8**

Plaintiff, World War II Theatre, Inc. ("WWIITI"), respectfully objects to the *Ex Parte* Motion for Extension of Time filed by Defendants, DeSimone Consulting Engineering Group, LLC ("DeSimone") and William R. O'Donnell, P.E. ("O'Donnell"). (Rec. Doc. 6.)  WWIITI filed this action on April 23, 2019.  Contrary to the representation in their motion, WWIITI previously agreed to a significant extension of time, until June 17, 2019, for all defendants to file responsive pleadings.  *See* Exhibit A hereto.  In light of their misstatement regarding the prior extension, DeSimone and O'Donnell are not entitled to an extension under Local Rule 7.8.  Moreover, DeSimone and O'Donnell have had sufficient time to analyze and investigate WWIITI's claims because they have been in discussions to try to settle this action since December 2018, during which time WWIITI has complied with multiple requests for information and documentation supporting its claims.  Good cause for another 21-day extension has not been established and the motion should be denied.

## BACKGROUND

WWIITI, a non-profit corporation that operates as a tax-exempt supporting organization to The National World War II Museum, Inc., is constructing the Higgins Hotel & Conference Center on property adjacent to the National World War II Museum. This litigation arises out of egregious structural engineering errors and omissions by DeSimone and its partner and managing principal, O'Donnell, that delayed the project and caused WWIITI to incur substantial additional costs. On October 8, 2018, O'Donnell personally represented to WWIITI that DeSimone was committed to ensuring that WWIITI would not suffer any negative financial consequences from the engineering errors, that DeSimone and its insurance carriers would reimburse all repair costs, and that WWIITI should proceed with repairs to avoid any additional delays.

After WWIITI filed suit, it granted DeSimone, O'Donnell, and the insurer defendants an extension until June 17, 2019, in which to file responsive pleadings. *See* Exhibit A hereto.

WWIITI has been trying to settle this matter since December 2018. From December 2018 to the present, WWIITI has complied with numerous requests by Defendants' counsel for information and documentation supporting WWIITI's claims. Counsel for the parties attended a day long mediation on May 17, 2019 and a follow-up meeting on June 5, 2019, during which Defendants' counsel again represented that Defendants would provide a settlement offer after receipt of additional information. Defendants' counsel also promised to provide WWIITI with the insurance carriers' analysis of costs. While WWIITI provided the requested information to Defendants' counsel, Defendants' counsel has provided nothing to WWIITI.

By e-mail dated June 19, 2019, counsel for DeSimone and O'Donnell requested an additional ten-day extension of time. *See* Exhibit B hereto. Although informed that WWIITI

objected to the request, DeSimone and O'Donnell filed their Motion (Rec. Doc. 6) without informing the Court of WWIITI's objection to a second extension. (Exh. B).

## ARGUMENT

Local Rule 7.8 of this Court states:

> ***Upon certification by a moving party that there has been no previous extension of time to plead*** and that the opposing party has not filed in the record an objection to an extension of time, on ex parte motion and order, the court must allow one extension for a period of 21 days from the time the pleadings would otherwise be due. Further extensions will not be granted by stipulation, but only upon motion and order of the court for good cause shown.

E.D. La. LR 7.8 (emphasis added). The local rule is applicable only when no previous extensions have been granted.

Contrary to DeSimone's and O'Donnell's motion, WWIITI has already granted them an extension of time and does not consent to a second extension. (*See* Exh. A). Accordingly, DeSimone and O'Donnell are not entitled to another extension absent good cause, which has not been shown.

Furthermore, DeSimone and O'Donnell have had months to analyze and investigate WWITI's claims because the parties have been negotiating a potential resolution of this dispute for over six months. During that time, WWIITI has complied with all of the defendants' numerous requests for information and supporting documents. In short, DeSimone and O'Donnell have had more than enough time and information to adequately file responsive pleadings. Under these facts, DeSimone and O'Donnell should not be granted a second extension of time to file responsive pleadings.

## CONCLUSION

WWIITI respectfully submits that the Motion for Extension should be denied.

Respectfully submitted,

/s/ Shannon S. Holtzman
S. Gene Fendler, T.A. (Bar # 05510)
Shannon S. Holtzman (Bar # 19933)
Mark R. Deethardt (Bar # 34511)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
sgfendler@liskow.com
ssholtzman@liskow.com
mrdeethardt@liskow.com

Attorneys for Plaintiff, World War II Theatre, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2019 the foregoing pleading was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send notice of this electronic filing to all counsel of record.

/s/ Shannon S. Holtzman

4945369_1