## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WORLD WAR II THEATRE, INC.** *Plaintiffs* | **CIVIL ACTION NO. 2:19-cv-11187** |
| **VERSUS** | **SECTION: "J" (3)** |
| **DESIMONE CONSULTING ENGINEERING GROUP, LLC; WILLIAM R. O'DONNELL, P.E.; EVANSTON INSURANCE COMPANY; MARKEL SPECIALTY INSURANCE COMPANY; AND MARKEL INSURANCE COMPANY** *Defendants* | **DISTRICT JUDGE: CARL BARBIER** **MAG. JUDGE: JOSEPH C. WILKINSON, JR.** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES OF DESIMONE CONSULTING ENGINEERING GROUP, LLC AND WILLIAM R. O'DONNELL, P.E.

NOW INTO COURT, through undersigned counsel, come Defendants, DeSimone Consulting Engineering Group, LLC ("DeSimone") and William R. O'Donnell, P.E., to answer the allegations raised in Plaintiff's Petition for Damages ("Petition"). In response to the numbered allegations contained within Plaintiff's Petition, DeSimone and O'Donnell (collectively "DeSimone) state as follows:

1.

The allegations contained in Paragraph 1 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

2.

The allegations contained in Paragraph 2(a) of the Plaintiff's Petition are denied, as stated. Further answering, DeSimone admits that it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New York, and is authorized to do and doing business in the State of Louisiana. The allegations contained in Paragraph 2(b) of the Plaintiff's Petition are denied, as stated. Further answering, O'Donnell admits that he is a resident of the State of Florida and is a licensed professional engineer I several states, including Louisiana. The remaining allegations contained in Paragraphs 2 (c-d) are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Plaintiff's Petition contain legal conclusions, and thus, require no response from DeSimone. However, to the extent that a response is required, DeSimone avers that venue is proper in the Eastern District of Louisiana.

4.

The allegations contained in Paragraph 4 of the Plaintiff's Petition contain legal conclusions, and thus, require no response from DeSimone. However, to the extent that a response is required, DeSimone avers that this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

5.

The allegations contained in Paragraph 5 of the Plaintiff's Petition contain legal conclusions, and thus, require no response from DeSimone. However, to the extent that a response is required, DeSimone avers that this Court has personal jurisdiction over all parties.

6.

The allegations contained in Paragraph 6 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

Further answering, DeSimone notes that the contract between the Plaintiff and the architect, as a written document, is the best evidence of its terms and conditions, all of which are plead herein as if copied *in extenso*. Pursuant to the terms of the Owner-Architect Agreement, the Plaintiff agreed that:

> The Owner acknowledges that the Architect and its consultants are limited liability entities and agrees that any claim made by its arising out of any act or omission of any director, officer or employee of the Architect, or its consultants, in the execution or performance of this Agreement, shall be made against the entity and not against any of their individual directors, officers or employees unless it is required to secure application of any insurance provided by the Architect under this Agreement.

{00513455.DOCX;1}

3

Thus, the Plaintiff agreed not to sue the individual directors, officers, or employees of the companies involved in the execution of the Hotel Project, and Plaintiff has no viable claim against O'Donnell, personally.

8.

The allegations contained in Paragraph 8 of the Plaintiff's Petition are denied, as stated. Further answering, DeSimone admits that it is an award-winning engineering firm with demonstrated expertise in structural design, façade consultant and forensic engineering throughout the world. DeSimone further admits that, on or about May 24, 2017, it entered into an AIA form contract with Nichols Brosch Wurst Wolfe & Associates, Inc. As a written document, the AIA form contract, is the best evidence of its terms and conditions, all of which are plead herein as if copied *in extenso*.

9.

The allegations contained in Paragraph 9 of the Plaintiff's Petition are denied, as stated. Further answering, DeSimone avers that William R. O'Donnell ("O'Donnell") is a member in the limited liability company. DeSimone admits that the AIA form contract identifies O'Donnell as DeSimone's "designated representative" for the Hotel Project. All other allegations contained in Paragraph 9 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

21.

The allegations contained in Paragraph 21of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response

is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

25.

The allegations contained in Paragraph 25 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

26.

The allegations contained in Paragraph 26 of the Plaintiff's Petition are denied.

27.

The allegations contained in Paragraph 27 of the Plaintiff's Petition are denied.

28.

The allegations contained in Paragraph 28 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

29.

The allegations contained in Paragraph 29 of the Plaintiff's Petition are denied for lack of sufficient knowledge or information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of the Plaintiff's Petition are denied.

31.

The allegations contained in Paragraph 31 of the Plaintiff's Petition are denied.

32.

In response to Paragraph 32, DeSimone's responses to the foregoing allegations are incorporated by reference as if fully re-stated herein.

33.

The allegations contained in Paragraph 33 of the Plaintiff's Petition are denied, as stated. Further answering, DeSimone admits that its obligations were defined by the AIA form contract. Further answering, DeSimone denies that it breached professional duties of care or was grossly negligent.

34.

The allegations contained in Paragraph 34 of the Plaintiff's Petition are denied.

35.

In response to Paragraph 35, DeSimone's responses to the foregoing allegations are incorporated by reference as if fully re-stated herein.

36.

The allegations contained in Paragraph 36 of the Plaintiff's Petition are not directed at DeSimone and thus, require no response from DeSimone. However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

37.

The allegations contained in Paragraph 37 of the Plaintiff's Petition for Damages are not directed at DeSimone and are legal conclusions and thus, require no response from DeSimone.

However, to the extent that a response is required, the allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

38.

Paragraph 38 of the Plaintiff's Petition is a prayer for trial by jury, and thus, requires no response from DeSimone.

39.

DeSimone denies that Plaintiff is entitled to the relief sought in the Prayer for Relief, following Plaintiff's Demand for Jury Trial.

## AFFIRMATIVE DEFENSES

**AND NOW, ANSWERING FURTHER,** DeSimone asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim, cause or right of action against DeSimone upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any liability of DeSimone in this matter, which is expressly denied, is limited by the terms, conditions, exclusions, limitations, endorsements and provisions in the AIA form contract which, as a written document, is the best evidence of its terms, conditions, and provisions. DeSimone pleads the AIA form contract's terms, conditions, and provisions as if copied herein *in extenso*.

### THIRD AFFIRMATIVE DEFENSE

DeSimone avers that it did not breach the duty of care to perform its services in accordance with the skill usually exercised by others in the engineering profession in the New Orleans area.

{00513455.DOCX;1}

### **FOURTH AFFIRMATIVE DEFENSE**

DeSimone affirmatively avers that the Plaintiff was contributorily negligent and that such negligence operates as a bar to, or in diminution of, the Plaintiff's claims herein.

### **FIFTH AFFIRMATIVE DEFENSE**

DeSimone affirmatively avers that the Plaintiff's damages, if any, are attributable to the acts and omissions of third parties for whom DeSimone is not responsible.

### **SIXTH AFFIRMATIVE DEFENSE**

DeSimone affirmatively avers that the Plaintiff's damages, if any, were proximately caused as a result of events or acts of persons or instrumentalities over which and whom DeSimone has no control and/or responsibility.

### **SEVENTH AFFIRMATIVE DEFENSE**

DeSimone affirmatively avers that the Plaintiff's damages, if any, were the result of an unavoidable accident, or intervening/superseding causes.

### **EIGHTH AFFIRMATIVE DEFENSE**

DeSimone affirmatively avers that the claims asserted by the Plaintiff are barred, in whole or in part, to the extent that the Plaintiff failed to mitigate, minimize, avoid or abate any damages allegedly sustained or increased the hazard thereof.

### **NINTH AFFIRMATIVE DEFENSE**

The Plaintiff's alleged damages, if any, were caused in whole or in part by their own errors, acts, decisions, omissions, negligence, assumption of the risk, and/or fault. Such errors, acts, decisions, omissions, negligence, assumption of the risk and/or fault operate to completely bar recovery against DeSimone, alternatively, to reduce any recovery against DeSimone.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

DeSimone denies that it is liable *in solido* with any other party and denies further that it is liable for the fault of any party named or unnamed.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, to the extent that evidence relevant to this dispute was lost, spoliated, suppressed, or otherwise not preserved

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against O'Donnell, personally, are prohibited by the terms of the applicable contract.  Thus, Plaintiff has failed to state a claims against O'Donnell upon which relief can be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

DeSimone reserves the right to amend this answer to assert any additional defenses that may become apparent during discovery and the ongoing investigation of this matter.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

/s/Charles B. Long
Sidney W. Degan, III (#4804)
John M. Futrell (#5865)
Charles B. Long (#22824)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: 504-529-3333
Facsimile: 504-529-3337
*Counsel for Defendants, DeSimone Consulting Engineering Group, LLC and William R. O'Donnell*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Answer* to Plaintiff's Petition for Damages has been served upon all parties of record by placing same in the United States mail, properly addressed and postage prepaid, this 24 day of June, 2019.

/s/Charles B. Long
Charles B. Long

{00513455.DOCX;1}