UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WORLD WAR II THEATRE, INC.** | * | |
|     Plaintiff, | * | CIVIL ACTION NO. 19-11187 |
| | * | |
| versus | * | |
| | * | JUDGE:  CARL J. BARBIER |
| **DESIMONE CONSULTING** | * | |
| **ENGINEERING GROUP, LLC;** | * | |
| **WILLIAM R. O'DONNELL, P.E.;** | * | MAGISTRATE JUDGE: |
| **EVANSTON INSURANCE** | * | MICHAEL B. NORTH |
| **COMPANY; MARKEL SPECIALTY** | * | |
| **INSURANCE COMPANY; AND** | * | |
| **MARKEL INSURANCE COMPANY** | * | |
|     **Defendants** | * | |

**MEMORANDUM IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER FILED BY WILLIAM O'DONNELL**

World War II Theatre, Inc. ("WWIITI") respectfully opposes the motion for protective order filed by Defendant William O'Donnell.  The sole basis for Mr. O'Donnell's motion – that he should be exempt him from discovery based on his contention that the claims against him should be dismissed – is contrary to law.  Further, Mr. O'Donnell has waived any objection he may have had to WWIITI's discovery requests by failing to timely respond or obtain an extension of the response deadline.

**BACKGROUND**

WWIITI filed this lawsuit to recover damages for egregious structural engineering errors and omissions that delayed the construction of the Higgins Hotel & Conference Center and that caused WWIITI significant damages.

In August 2018, an employee of the general construction contractor noticed deflections in certain beams that had already been installed.  WWIITI subsequently discovered that multiple, previously installed steel beams were under-sized and wholly insufficient to handle the building

loads. Fortunately, the issues were discovered and fully remediated without causing superstructure failure. WWIITI, however, incurred significant expense arising from the repairs and delay associated with the remediation of the structural design errors and omissions. William O'Donnell was the principal engineer in charge of the structural design and all or substantially all of the permit set of structural drawings underlying the structural design deficiencies at issue bear his professional engineer stamp. Declaration of Robert Farnsworth (Exhibit A hereto) at ¶ 7.

**ARGUMENT**

As stated in the *Guerriero* decision cited by Mr. O'Donnell, Rule 26 provides for "broad and liberal discovery" and a movant's burden of proving "good cause" for a protective order requires a "'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Guerriero v. Am. Nat'l Prop. Cas. Co.,* No. 09-1846, 2010 WL 3896417, *2 (W.D. La. Sept. 30, 2010) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981)). Mr. O'Donnell has failed to sustain his burden of proving good cause and his motion should be denied in full. WWIITI's discovery requests seek basic information from a party to this lawsuit regarding the claims and allegations at issue, which are well within the permissible scope of discovery under Federal Rule of Civil Procedure 26(b).

    A.    **Unresolved Merits Issues Do Not Provide Grounds for Protecting Mr. O'Donnell from Discovery.**

Mr. O'Donnell cannot withhold discovery based solely on his belief that the claim against him should be dismissed. Most, if not all, defendants dispute the merits of the claims against them. Such defendants are not exempt from discovery. To the contrary, numerous courts have recognized that "[a] party cannot refuse to engage in—and … should not be excused from being subjected to—discovery simply because the discovery is relevant to a claim on which the

resisting party believes that he will or should prevail." *Velazquez v. El Pollo Regio LP, LLC*, No. 15-3170, 2017 WL 2289185, at *6 (N.D. Tex. May 25, 2017); *see also Apollo MedFlight, LLC v. BlueCross BlueShield of Texas*, No. 18-166, 2020 WL 520608, at *2, *14 (N.D. Tex. Jan. 13, 2020) (quoting same); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) (quoting same); *TNA Australia Pty Ltd. v. PPM Techs., LLC*, No. 17-642, 2018 WL 2010277, at *12 (N.D. Tex. Apr. 30, 2018) (quoting same); *Alli v. Steward-Bowden*, No. 11-4952, 2013 WL 6053481, at *3 (S.D.N.Y. Nov. 7, 2013) (affirming order denying motion for protective order, noting that "there is no support for a proposition that a defendant can refuse a discovery request because it believes a plaintiff's claims are meritless"); *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 10-00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of its litigation positions, its strong belief—whether ultimately justified or not—provides no basis for avoiding its discovery obligations created by the Federal Rules of Civil Procedure").

It is also well-recognized that a discovery motion urged at the preliminary stages of an action is not an appropriate vehicle for weighing the merits of a dispositive issue. *E.g., J.M. Smith Corp. Ciolino Pharmacy Wholesale Distribs., L.L.C.,* No. 14-2580, 2015 WL 6454457, at *2 (E.D. La. Oct. 26, 2015) (finding that the magistrate properly refused to stay discovery and that issue whether pending Plaintiff had complied with Rule 9(b) was not ripe for resolution); *Guerriero,* 2010 WL 3896417, at *6 (rejecting defendant's argument that information concerning pre-contract negotiations was irrelevant given the "unsettled fate" of the defendant's parol evidence defense); *Velazquez*, 2017 WL 2289185, at *6 (refusing to "prematurely assess the balance of the evidence on the merits of [the plaintiff's] claim"); *E.E.O.C. v. Freeman*, No. 09-2573, 2012 WL 3536752, at *2 (D. Md. Aug. 14, 2012) ("Arguments regarding the merits of

claims or defenses asserted in pleadings are not the kinds of arguments that the Court can adequately entertain in a discovery dispute." (internal quotation and punctuation marks omitted); *Triangle Residential Designs, Inc. v. Ashley Turner Enterprises, Inc.*, No. 05-412, 2006 WL 8438737, at *2 (E.D.N.C. Jan. 10, 2006) (granting plaintiff's motion to compel and stating that "[a]rguments that Plaintiff's claims have no merit or that Defendants have a viable affirmative defense are not 'the kind of argument[s] that the Court can adequately entertain in a discovery dispute'") (quoting *Heritage Furnishings, Inc. v. Furniture, USA, Inc.*, 200 F.R.D. 255, 257 (M.D.N.C. 2001)).[1]

In sum, O'Donnell cannot avoid his discovery obligations because he believes WWIITI's claims have no merit. Nothing in the *Kostmayer, Petrus, or Landry* decisions, cited by Mr. O'Donnell, provides support for the relief he seeks. *Kostmayer* was a contract dispute involving two parallel proceedings in which the plaintiff, Kostmayer, filed suit first in Louisiana and the defendant, Impala, subsequently filed a New York lawsuit pursuant to the parties' New York forum selection clause. *Kostmayer v. Impala Warehousing (US) LLC,* No. *12-2104,* 2012 WL 6047115, *3 (E.D. La. Dec. 5, 2012). After Kostmayer filed a motion to dismiss involving the enforceability of the forum selection clause in the New York suit, the federal court in the Louisiana case granted a temporary stay of discovery, which it described as "very limited in

---

[1] Even though WWIITI is not required to prove the merits of its claim against Mr. O'Donnell in response to his discovery motion, it bears noting that WWIITI's claim is well-founded. Mr. O'Donnell misinterprets Section 8.1.4 of WWIITI's contract with Nichols and Mr. O'Donnell has no rights under a contract to which he is not a party. WWIITI's contract with Nichols (the Project Architect) expressly states: "Nothing contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either the Owner or Architect." Doc. 26-5, p. 20, § 10.5. Section 10.5 further disclaims any intent to confer third party beneficiary rights with respect to the Architect's services under the Agreement. *Id.* Even **if** Section 8.1.4 could be invoked by a non-party and even **if** Section 8.1.4 applied to the facts and claims at issue, WWIITI has sued O'Donnell for gross negligence and Civil Code article 2004 nullifies the clause to the extent that it purports to exclude or limit liability for gross fault or physical injury.

scope," pending the resolution of the motion to dismiss, specifically finding that "nothing that Kostmayer could learn through discovery could affect the resolution of its motion [to dismiss] in New York." *Id.*

O'Donnell's reliance on the *Petrus* case is misplaced for the same reason. The *Petrus* Court approved a stay of discovery pending resolution of the defendants' Rule 12(b)(6) motion to dismiss, expressly finding that "[n]othing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion." *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987). Unlike Mr. O'Donnell's request for an order precluding all discovery, the *Kostmayer* and *Petrus* courts merely deferred discovery pending the resolution of a preliminary motions to dismiss that would not be impacted by discovery.

Similarly misplaced is O'Donnell's reliance on *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 434-435 (5th Cir. 1990). Unlike this case, the *Landry* defendants filed motions to dismiss and for summary judgment *prior to* the plaintiff's request for discovery. The defendants then sought a protective order staying discovery pending resolution of their motions, which the district court granted. *Id.* at 435. The Fifth Circuit affirmed, finding that the defendants had met their burden of showing that the discovery sought "would be unduly burdensome and expensive" because:

> [Movants] correctly stated that no discovery was needed to resolve the motions to dismiss under F.R.Civ.P. 12(b)(6). Such motions are decided on the face of the complaint. Defendants also argued that the summary judgment motions could be decided as a matter of law on the basis of the undisputed facts already before the court. They alleged that the timing of the depositions – coming as they did after the grant of a courtesy continuance to respond to the motions – was evidence of bad faith. Finally, they argued that since the *discovery was not needed to resolve the summary judgment motions – and thus perhaps not needed at all –* the depositions would be unduly expensive and burdensome.

*Id.* at 435-36 (emphasis added). The Fifth Circuit further found that the *Landry* plaintiffs had failed to show that the stay was unwarranted and that they had even admitted that they "had sufficient evidence to defeat the summary judgment motions and sought discovery only to obtain 'better' evidence." 901 F.2d at 436.

In striking contract to *Landry,* O'Donnell's recently-filed summary judgment was not filed when WWIITI served its discovery requests nor was it pending when Mr. O'Donnell filed his motion for protective order. WWIITI has not yet analyzed whether the extent to which it may need discovery to respond to Mr. O'Donnell's summary judgment motion, which further distinguishes this case from *Landry* in which the parties opposing summary judgment admitted that they already had sufficient evidence to defeat summary judgment. 901 F.2d at 436. Finally, even if Mr. O'Donnell is ultimately successful on his summary judgment motion, he will still be subject to discovery due to his significant role and involvement in the structural design of the Hotel; thus, the potential for eliminating discovery – a critical factor upon which the *Landry* Court based its decision – is wholly absent here. *See id.* at 435-36.

### B. Mr. O'Donnell Waived His Objections to WWIITI's Discovery Requests.

In addition to his failure to establish good cause for the protective order he seeks, Mr. O'Donnell has waived any objection he may have had to WWIITI's discovery requests by failing to timely respond or obtain an extension of the response deadline. Mr. O'Donnell's waiver of objections, in addition to his failure to establish good cause for a protective order, provide ample reason for denying his motion. *E.g., Motion Indus., Inc. v. Superior Derrick Servs., LLC*, No. 15-1958, 2016 WL 760776, at *3 (E.D. La. Feb. 26, 2016) (finding that party waived its objections by failing to timely respond or obtain an extension and denying its motion for protective order due to waiver and failure to satisfy burden of establishing claimed privilege).

**CONCLUSION**

For the foregoing reasons, WWIITI respectfully submits that Mr. O'Donnell's motion for protection order should be denied.

Respectfully submitted,

/s/ Shannon S. Holtzman
S. Gene Fendler (Bar # 05510)
Shannon S. Holtzman (Bar # 19933)
Mark R. Deethardt (Bar # 34511)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979

Attorneys for Plaintiff, World War II Theatre, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been filed electronically with the Clerk of Court using the CM/ECF system and that notice of this filing has been sent to all parties or counsel of record who are registered to receive electronic service by operation of the Court's electronic filing system, this 24th day of February, 2020.

/s/ Shannon S. Holtzman

5049319_1.docx