UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WORLD WAR II THEATRE, INC.  CIVIL ACTION

VERSUS  No.: 19-11187

DESIMONE CONSULTING  SECTION: "J" (5)
ENGINEERING GROUP, LLC,
ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 26)** filed by Defendant William R. O'Donnell. The motion is opposed by Plaintiff World War II Theatre, Inc. (Rec. Docs. 38, 46). Considering the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a construction dispute between Plaintiff, the owner of the project, a hotel adjacent to the National World War II Museum in New Orleans, Louisiana, and Defendants DeSimone Consulting Engineer Group, LLC ("DeSimone") and William R. O'Donnell, DeSimone's designated representative for the project. Plaintiff hired Nichols Brosch Wurst Wolfe & Associates (the "Architect") as the architect of the project, who in turn hired DeSimone as a consultant. Plaintiff contends that DeSimone and O'Donnell were grossly negligent in designing and supervising construction of the project, resulting in extensive delays and additional expenses as well as lost revenue.

O'Donnell moved for summary judgment, claiming that a provision of the agreement between Plaintiff and the Architect (the "Owner-Architect Agreement") precludes Plaintiff from taking legal action against him. That provision reads:

> **§ 8.1.4** The Owner acknowledges that the Architect and its consultants are limited liability entities and agrees that any claim made by it arising out of any act or omission of any director, officer or employee of the Architect, or its consultants, in the execution or performance of this Agreement, shall be made against the entity and not against any of their individual directors, officers or employees unless it is required to secure application of any insurance provided by the Architect under this Agreement.[1]

Additionally, O'Donnell contends that a provision of the contract between the Architect and DeSimone (the "Architect-Consultant Agreement") incorporates § 8.1.4 into that contract:

> **§ 1.1** A copy of the Architect's agreement with the Owner, known as the Prime Agreement . . . is made a part of this Agreement. All provisions, responsibilities, obligations and scope of services incurred either specifically or by reasonable inference by the Architect in the Prime Agreement shall be made a part of the Consultant's services as part of this Agreement. In case of discrepancies between this Agreement and the Prime Agreement, the Prime Agreement shall take precedence.[2]

Plaintiff argues that O'Donnell misreads § 8.1.4, which it contends should be interpreted as preventing Plaintiff from enforcing the Architect's contractual obligations against its employees or its consultants' employees, not as barring tort claims against individual employees. Plaintiff also contends that O'Donnell has not established that the Owner-Architect Agreement is a third-party beneficiary contract intended to benefit him. Third, Plaintiff argues that § 1.1 only incorporated the

---

[1] (Rec. Doc. 26-4, at 29).
[2] *Id.* at 3.

2

Architect's obligations to Plaintiff and imposed them on DeSimone, as indicated by the plain language of the second sentence. Finally, Plaintiff contends that Civil Code article 2004 prevents the parties from waiving in advance claims arising from intentional or gross fault and asserts it has presented evidence showing O'Donnell may have been grossly negligent.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *accord Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## DISCUSSION

Even assuming that § 8.1.4 should be interpreted as precluding Plaintiff from bringing suit against O'Donnell, the Court agrees with Plaintiff that Civil Code

3

article 2004 prevents the parties from prospectively waiving claims. Article 2004 provides: "Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party." LA. C.C. art. 2004. Article 2004 applies where "the underlying allegations and facts" show that the party asserting waiver acted intentionally or with gross negligence. *Petrobras Am. Inc. v. Vicinay Cadenas, S.A.*, 780 F. App'x 96, 100 (5th Cir. 2019) (per curiam).

O'Donnell does not dispute that article 2004 prevents parties from prospectively waiving claims for gross negligence. Instead, he claims that Plaintiff has not identified any gross negligence as to him specifically that would nullify § 8.1.4 under article 2004. However, Plaintiff contends that the following facts show O'Donnell acted with gross negligence:

(1) O'Donnell prepared and revised, or supervised the preparation and revision of, all structural design drawings for the project;[3]

(2) The original structural design was unsafe and included multiple beams that were overstressed;[4]

(3) The load of concrete masonry unit walls was not accounted for in the original load calculations;[5]

(4) Plaintiff's expert opined that "the number of undersized structural members and connections . . . is indicative of a gross deviation from professional engineering standards" and that the "failure to account for the load of the [concrete masonry unit] walls in the design of the supporting steel framing is a fundamental and egregious engineering error";[6] and

(5) Robert Farnsworth, Senior Vice President for The National World War II Museum, Inc. and manager of the project, declared, "In October 2018, I attended a meeting in which Mr. O'Donnell

---

[3] (Rec. Doc. 38-3, at 2).
[4] (Rec. Docs. 38-10 to 38-13).
[5] (Rec. Doc. 38-10, at 1).
[6] (Rec. Doc. 38-16, at 1-2).

acknowledged the severity of the engineering errors, indicated that he had never before seen errors of this magnitude, and represented that the costs of repairs would be reimbursed to [Plaintiff]."[7]

O'Donnell does not argue that this evidence does not show he was grossly negligent, nor has he presented any evidence affirmatively establishing that he was not grossly negligent. Therefore, a genuine issue of material fact exists as to whether O'Donnell was grossly negligent, and O'Donnell has failed to establish that he is entitled to summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant William R. O'Donnell's *Motion for Summary Judgment* **(Rec. Doc. 26)** is **DENIED**.

New Orleans, Louisiana, this 14th day of April, 2020.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[7] (Rec. Doc. 38-1, at 2).