## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WORLD WAR II THEATRE, INC.** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO. 19-11187** |
| | * | |
| **versus** | * | |
| | * | **JUDGE:  CARL J. BARBIER** |
| **DESIMONE CONSULTING** | * | |
| **ENGINEERING GROUP, LLC;** | * | |
| **WILLIAM R. O'DONNELL, P.E.;** | * | **MAGISTRATE JUDGE:** |
| **EVANSTON INSURANCE** | * | **MICHAEL B. NORTH** |
| **COMPANY; MARKEL SPECIALTY** | * | |
| **INSURANCE COMPANY; AND** | * | |
| **MARKEL INSURANCE COMPANY** | * | |
| **Defendants** | * | |

## WITNESS LIST OF PLAINTIFF, WORLD WAR II THEATRE, INC.

World War II Theatre, Inc. ("WWII") submits this list of witnesses whom it will or may call at the trial of this matter, with the exception of witnesses called on rebuttal:

1.  Robert ("Bob") Farnsworth
    World War II Theatre, Inc./The National World War II Museum

    To testify as a fact witness regarding, among other things, facts related to WWII's claims; the hotel construction project and structural design errors at issue in this litigation; the vetting and approval of costs related to repairs, re-work, testing, and other work to minimize damages and delay caused by DeSimone's errors, omissions, and changes to the structural design; communications with representatives of DeSimone, the Architect (Nichols Brosch Wurst Wolf & Associates), and/or the General Contractor (Palmisano Contractors LLC); the impact of the structural design errors and resultant delay; and  WWII's damages.

2.  Eileen Long
    World War II Theatre, Inc.

    To testify as a fact witness regarding, among other things, facts related to WWII's claims; the hotel construction project and structural design errors at issue in this litigation; the vetting and approval of costs related to repairs, re-work, testing, and other work to minimize damage and delay caused by DeSimone's errors, omissions, and changes to the structural design; communications

with representatives of DeSimone, NBWW, and/or the Palmisano; the impact of the structural design errors and resultant delay; and WWII's damages.

3.    Stephen Watson
World War II Theatre, Inc./The National World War II Museum

To testify as a fact witness regarding, among other things, facts related to WWII's claims; the business plan for the Higgins Hotel; the hotel construction project at issue in this litigation; communications with representatives of DeSimone, NBWW, and/or Palmisano; the October 8, 2018 meeting of WWII's Board of Directors and William O'Donnell's representations to WWII's Board of Directors; the impact of the structural design errors and resultant delay; and WWII's damages.

4.    Rebecca Mackie
World War II Theatre, Inc./The National World War II Museum

To testify as a fact witness regarding, among other things, facts related to WWII's claims; the business plan and operations of the Higgins Hotel; the impact of the structural design errors and resultant delay; and WWII's damages.

5.    Brandon Berger
World War II Theatre, Inc./The National World War II Museum

To testify as a fact witness regarding, among other things, facts related to WWII's claims; the business plan for the Higgins Hotel; the hotel construction project at issue in this litigation; the October 8, 2018 meeting of WWII's Board of Directors and William R. O'Donnell's representations to WWII's Board of Directors; other WWII Board of Directors meetings; the impact of the structural design errors and resultant delay; and WWII's damages.

6.    William R. O'Donnell, P.E.
DeSimone Consulting Engineering Group, LLC

To testify as a fact witness regarding, among other things, the structural design of the Higgins Hotel; efforts to remediate the structural design errors; efforts to mitigate delay caused by structural design errors; facts related to WWII's claims; his O'Donnell's representations to WWII's Board of Directors; O'Donnell's representations to Jim Wurst, O'Donnell's representations to Eileen Long, Robert Farnsworth, and/or Stephen Watson; internal communications among representatives of DeSimone; and communications with representatives of Palmisano.

7.      David Pearson
        Pearson Management Group, Inc.

        To testify as an expert witness regarding the delay caused by
        DeSimone's structural design errors and omissions; all matters
        addressed in Mr. Pearson's report dated December 31, 2020; and to
        rebut any expert testimony introduced by Defendants.

8.      Marguerite J. Pinto, P.E.
        Thornton Tomasetti, Inc.

        To testify as an expert witness regarding DeSimone's and Mr.
        O'Donnell's structural design errors/omissions and the repair and
        re-design work caused by same; the standard of care applicable to
        professional engineers working on the Higgins Hotel project and
        whether DeSimone's and Mr. O'Donnell's actions and/or inactions
        satisfied the applicable standard of care; all matters addressed in Ms.
        Pinto's expert report; and to rebut any expert testimony introduced
        by Defendants.

9.      Holly Sharp
        LaPorte

        To testify as an expert witness regarding WWII's damages; all
        matters addressed in Mrs. Sharp's expert report; and to rebut any
        expert testimony introduced by Defendants.

10.     James ("Jim") Wurst and/or Patrick Busteed
        Nichols Brosch Wurst Wolfe and Associates, Inc.

        To testify as fact witnesses regarding, among other things, the
        structural design of the Higgins Hotel; efforts to remediate structural
        design errors; the vetting and approval of costs related to repairs, re-
        work, testing, and other work to minimize damages and delay
        caused by DeSimone's errors; omissions and changes to the
        structural design; facts related to WWII's claims; internal
        communications among representatives of NBWW; and
        communications with representatives of WWII, DeSimone, and/or
        Palmisano.

11.     Wes Palmisano, Steve McGovern, and/or Drew Horton
        Palmisano Contractors LLC

        To testify as fact witnesses regarding, among other things, facts
        related to WWII's claims; the hotel construction project at issue in
        this litigation; delays and effects of DeSimone's structural design
        errors; omissions, changes, efforts, and costs related to repairs, re-
        work, testing, and work to minimize damage and delay caused by

DeSimone's errors, omissions and changes to the structural design; vetting and approval of costs related to DeSimone's errors; omissions and changes to the structural design; the impact of the structural design errors and resultant delay; internal communications among representatives of Palmisano, and communications with representatives of WWII, DeSimone, and/or NBWW.

12.    Any witnesses called or listed by Defendants.

13.    Any witnesses needed to provide rebuttal testimony and/or to authenticate any documents or exhibits.

Respectfully submitted,


/s/ Shannon S. Holtzman
Shannon S. Holtzman (Bar # 19933)
Sean M. Toomey (Bar # 36055)
Mark R. Deethardt (Bar # 34511)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979

Attorneys for Plaintiff, World War II Theatre, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been filed electronically with the Clerk of Court using the CM/ECF system and that notice of this filing has been sent to all parties or counsel of record who are registered to receive electronic service by operation of the Court's electronic filing system, this 1st day of February, 2021.


/s/ Shannon S. Holtzman

5197695_1